IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WALLACE STILZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 CV 1998 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| GLOBAL CASH NETWORK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wallace Stilz III filed a putative class action complaint against defendant Global Cash Network, Inc., alleging that defendant failed to post the automated teller machine ("ATM") fee notices required under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA") and its implementing Regulation E, 12 C.F.R. § 205.1 et seq. Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons discussed below, defendant's motion to dismiss is granted.

## BACKGROUND

The EFTA requires ATM operators to provide customers with notice of any fees to be imposed on their ATM transactions, 15 U.S.C. § 1693b(d)(3)(D),[1] and prohibits ATM operators from imposing fees in connection with transactions that fail to comply with its notice requirement, § 1693b(d)(3)(C). To satisfy the EFTA's notice requirement, ATM operators must, (1) post the fee "in a prominent and conspicuous location on or at the automated teller machine," and (2) either display the fee "on the screen of the automated teller machine" or provide it on paper "before the consumer is committed to paying a fee." 12 C.F.R. § 205.16(b). The EFTA

---

[1] All further citations to this statute will omit the reference to 15 U.S.C.

provides for both actual and statutory damages, and allows for the recovery of costs and

attorneys' fees in successful actions.  § 1693m(a).

Plaintiff made cash withdrawals from four of defendant's ATMs (two on March 25,

2010, and two more on March 27, 2010), which charged plaintiff transaction fees ($3.95, $3.95,

$3.00, and $3.00).  At the time plaintiff withdrew money from defendant's ATMs, defendant had

not posted the transaction fee on those four machines, as the EFTA requires.

On May 19, 2010, plaintiff filed a putative class action complaint.  Defendant filed an

amended offer of judgment, pursuant to Federal Rule of Civil Procedure 68, on July 21, 2010,

which offered plaintiff $1,000 "representing statutory damages pursuant to 15 U.S.C. Sec.

1693(m)," and reasonable attorneys' fees and costs.  On August 11, 2010, defendant filed the

instant motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction.  Plaintiff

moved for class certification, pursuant to Federal Rule of Civil Procedure 23, on August 16,

2010, 26 days after defendant's amended offer of judgment.

## DISCUSSION

### I.      Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court must dismiss any action

over which it lacks subject matter jurisdiction.  Rule 12(b)(1) motions to dismiss are premised as

either facial or factual attacks on jurisdiction.  United Phosphorus, Ltd. v. Angus Chem. Co., 322

F.3d 942, 946 (7th Cir. 2003).  A factual challenge exists when "the complaint is formally

sufficient but the contention is that there is *in fact* no subject matter jurisdiction."  Id.  In the

instant case, defendant disputes the factual basis underlying plaintiff's assertion of subject matter

jurisdiction.

In assessing a factual challenge to jurisdiction, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 443-44 (7th Cir. 2009), quoting Evers v. Astrue, 536 F.3d 651, 656-57 (7th Cir. 2008) (internal quotation marks and citations omitted).  In a factual Rule 12(b)(1) motion, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.  The party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof. Kontos v. United States Dep't of Labor, 826 F.2d 573, 576 (7th Cir. 1987).

## II.     Defendant's Motion to Dismiss

Defendant moves to dismiss for lack of subject matter jurisdiction, arguing that its offer of judgment, for $1,000 in statutory damages and reasonable attorneys' fees and costs, mooted plaintiff's claim by satisfying his entire demand.  The EFTA's damages provisions provide for statutory damages in "an amount not less than $100 nor greater than $1,000" in an individual action, along with costs and reasonable attorneys' fees "in the case of any successful action." §§ 1693m(a)(1)(A), (a)(3).  As a general rule, a plaintiff's case becomes moot "[o]nce the defendant offers to satisfy the plaintiff's entire demand." Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991) (citations omitted).  At that point, "there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." Id.  Plaintiff argues that defendant's offer of judgment did

3

not moot his claim because, for three reasons, it did not provide plaintiff with complete relief.

Plaintiff's arguments are incorrect.

### A.     Timing of Class Certification

Plaintiff argues that because his claim is a putative class action, defendant's offer of

judgment did not provide all the relief he sought.  Although the general principle is that a

plaintiff's claim is moot once the defendant makes a complete offer of judgment, it becomes

more complicated when the plaintiff is attempting to represent a class.  In that situation, if the

district court has certified the class before the defendant's offer of judgment, plaintiff's claim

avoids mootness.  United States Parole Comm'n v. Geraghty, 445 U.S. 388, 398 (1980); Greisz

v. Household Bank (Illinois, N.A.), 176 F.3d 1012, 1015 (7th Cir. 1999); Holstein v. City of

Chi., 29 F.3d 1145, 1147 (7th Cir. 1994).  Even when the class is not certified before the

defendant makes a Rule 68 offer of judgment, so long as the plaintiff moves to certify his class

within 10 days after he receives the offer, he can avoid mootness.  E.g., Parker v. Risk Mgmt.

Alternative, Inc., 204 F.R.D. 113 (N.D. Ill. 2001).

Even under this permissive standard, however, plaintiff's claim is moot because he did

not move for class certification until 26 days after defendant made its offer of judgment.

Plaintiff argues that his motion for class certification should relate back to his complaint,

essentially asking the court to stretch the 10-day deadline into a 26-day deadline or beyond.  But

this request ignores the sound and inflexible basis of the 10-day deadline: Rule 68, which sets a

nondiscretionary 10-day window during which a party may accept an adverse party's offer of

judgment.[2] Courts have reasoned that for the 10 days during which a Rule 68 offer of judgment is pending, a plaintiff may avoid mootness through class certification, because "[o]nce a class is certified, the 'adverse party' to whom the Rule 68 offer of judgment was directed is not the same 'adverse party' that exists post-certification." Kremnitzer v. Cabrera & Rephen, P.C., 202 F.R.D. 239, 243-44 (N.D. Ill. 2001) (internal quotations partially omitted). The class becomes the plaintiff, and an offer to satisfy the individual plaintiff's claim does not constitute a complete offer of judgment to the class.

Recognizing that 10 days is "a virtually impossible amount of time in many cases to consider the likely merits of complex claims of relief, give notice to class members, and secure the court's approval," Marek v. Chesny, 473 U.S. 1, 34 n. 49 (1985) (Brennan, J., dissenting), some courts in this district have extended this reasoning to situations in which the plaintiff seeks class certification within the 10 days following a Rule 68 offer of judgment. E.g., Asch v. Teller, Levit & Silvertrust, P.C., 200 F.R.D. 399, 401 (N.D. Ill. 2000); Giblin v. Revenue Production Mgmt., Inc., No. 07 C 3432, 2008 WL 780627, at *3-4 (N.D. Ill. March 24, 2008). But see White v. Humana Health Plan, Inc., No. 06 C 5546, 2007 WL 1297130, at *6 (N.D. Ill. May 2, 2007) (holding that a Rule 68 offer of judgment mooted the lawsuit even when the plaintiffs moved for certification within 10 days after receiving the offer). But after the 10-day period expires with no motion for class certification, a plaintiff's case is unarguably moot. Wiskur v.

---

[2] Rule 68 reads, in part: Offer of Judgment
[A] party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

Short Term Loans, 94 F. Supp. 2d 937, 939 (N.D. Ill. 2000) (granting defendant's motion to dismiss for lack of subject matter jurisdiction when the plaintiff did not move for class certification until after defendant's Rule 68 offer of judgment had expired). In the instant case, plaintiff did not move for class certification within the 10 days after defendant's offer of judgment, and he offers the court no reason to extend the 10-day deadline. His attempt to avoid mootness therefore fails.

> B.      Statutory Damages

Plaintiff asserts that "[i]t is settled law that the statutory penalties available pursuant to EFTA are per violation," not per plaintiff. Therefore, according to plaintiff's logic, a complete offer of judgment would have included $1,000 for each of the four ATM transactions, for a total of $4,000. Plaintiff cites two cases, neither of which is binding authority and neither of which actually supports plaintiff's position. In Corrado v. RP Realty Partners, LLC, Case. No. 09-C-1537, 2010 U.S. Dist. LEXIS 20781, at *4-5 (M.D. Fl. Feb. 16, 2010), the court mentioned in dicta that "[i]n individual actions, the statutory maximum amount of damages is $1,000 per violation," but whether the plaintiff could recover more than $1,000 in statutory damages was not at issue in that case. Thus, the court never analyzed the issue and never explicitly stated that a single plaintiff could recover more than $1,000 in statutory damages. Plaintiff also cites Voeks v. Pilot Travel Centers, 560 F. Supp. 2d 718, 724 (E.D. Wis. 2008), in which the court mentions that the EFTA allows a plaintiff to recover "$100-$1,000 per individual transaction" in statutory damages as a way to compensate him for the ATM transaction fee(s) he incurred. The Voeks decision does not, however, actually mention any particular plaintiff receiving more than $1,000 total in statutory damages. Further, that court's logic indicates not that a plaintiff should receive

$1,000 per transaction (the transaction fee in Voeks was $2.95), but rather that the range of

statutory penalties is designed to compensate a plaintiff who incurred a number of ATM

transactions.  These cases do not, as plaintiff argues, show that plaintiff's interpretation of the

EFTA is "settled law."

The EFTA's plain language is clear that a plaintiff may recover a maximum of $1,000 in

statutory damages.  The statute provides that "any person who fails to comply with any provision

of this subchapter with respect to any consumer . . . is liable to such consumer in an amount

equal to the sum of . . . in the case of an individual action, an amount not less than $100 nor

greater than $1,000."  § 1693m(a) (emphasis added).  If Congress had intended to provide for

other, additional statutory damages—for example, up to $1,000 per violation, or $1,000 for each

offending ATM—it could have done so.  But instead, Congress explicitly limited statutory

damages to $1,000 per "action."  When a statute's language is so clear, that text must control

unless Congress has clearly expressed a contrary intent.  United States v. Turkette, 452 U.S. 576,

580 (1981).  Plaintiff has failed to show that Congress intended anything other than a $1,000 per-

action limitation.

Other subsections of § 1693m reinforce the court's conclusion that plaintiff's

interpretation is incorrect. For example, § 1693m(b)(2) instructs courts to consider "the

frequency and persistence of noncompliance" in determining the amount of statutory damages in

"any individual action."  This language suggests that Congress did not intend each incident of

noncompliance to be its own "action," rather instructing courts to take into account the number

of violations in choosing an amount of damages from within the $100 to $1,000 range.  See

Wright v. Finance Serv. of Norwalk, Inc., 22 F.3d 647, 651 (6th Cir. 1994) ("There would have

been no need to require that courts consider the frequency of noncompliance if Congress

intended that each violation of the act could result in an award of damages up to $1,000 . . . .")

(interpreting the similarly-worded Fair Debt Collection Practices Act to find that the statute

authorizes statutory damages per action).[3]

Moreover, allowing individual plaintiffs to recover on a per-violation basis could lead to

the anomalous result of an individual plaintiff recovering more in statutory damages than a class-

action plaintiff with an otherwise identical claim.  Section 1693m(a)(2)(B) caps the damages

recoverable in a class action, specifying that such recovery not exceed "the lesser of $500,000 or

1 per centum of the net worth of the defendant."  If an individual plaintiff could recover $1,000

for each violation, his potential recovery would be limitless, as opposed to the circumscribed

damages available for class action plaintiffs.  Congress certainly would not have intended this

result.

No court (in this district or others) has explicitly addressed whether the EFTA provides

for per-violation statutory damages, but cases interpreting other, similarly-worded consumer

protection statutes hold that statutory damages are limited to $1,000 per proceeding rather than

$1,000 per violation.  The Fair Debt Collection Practices Act ("FDCPA"), for example, states

that additional damages "in the case of <u>any action</u> by an individual" shall not "exceed[ ] $1,000."

---

[3]  In his sur-reply, plaintiff argues that interpreting the EFTA to cap statutory damages at $1,000 per lawsuit creates the "absurd and unjust result" that a plaintiff claiming multiple violations must file multiple lawsuits if he hopes to recover the maximum statutory damages for each violation.  Plaintiff's policy concerns—which the court need not address, given that the statute's text is unambiguous—should nonetheless be somewhat allayed by § 1693m(b)(2).  Because courts must consider the number of violations in determining statutory damages, EFTA plaintiffs might still make a strategic decision to allege multiple violations in one lawsuit.  In any event, plaintiff in the instant case chose to file a single lawsuit and is thus entitled to only a single award.

8

15 U.S.C. § 1692k(a)(2)(A) (emphasis added). Courts interpreting this provision have found that

it clearly limits damages to $1,000 per action, not per violation. E.g., Wright, 22 F.3d at 651

("Congress intended to limit 'other damages' [in the Fair Debt Collection Practices Act] to

$1,000 per proceeding, not to $1,000 per violation") (citing cases); Harper v. Better Business

Services, Inc., 961 F.2d 1561, 1563 (11th Cir. 1992) (statute limits additional damages to $1,000

per lawsuit); Crossley v. Lieberman, 868 F.2d 566, 573 (3d. Cir. 1989) (district court did not

abuse its discretion in awarding statutory maximum of $1,000 in additional damages); Raimondi

v. McAllister & Assocs., Inc., 50 F. Supp. 2d 825, 828-29 (N.D. Ill. 1999); White v. Bruck, 927

F. Supp. 1168, 1169 (W.D. Wis. 1996) ("conclud[ing] from the plain language of

[§ 1692k(a)(2)(A)] and the majority of decisions interpreting the statute that additional statutory

damages are limited to $1000 per proceeding").

Because the statutory language is unambiguous and plaintiff provides no compelling

reason why Congress would have intended a different reading, the court finds that the EFTA

permits statutory damages on only a per-plaintiff basis.

C.     **Actual Damages**

Plaintiff argues that because he could recover actual damages in addition to statutory

damages, defendant's offer of judgment was incomplete. But plaintiff has not pled detrimental

reliance, which is a prerequisite to recovering actual damages under the EFTA. The EFTA's

actual damages provision provides that a defendant may be liable to a consumer "in an amount

equal to the sum of any actual damage sustained by such consumer as a result of such failure [to

comply with any provision of the EFTA]." § 1693m(a)(1) (emphasis added). This "as a result"

language clearly indicates that an EFTA plaintiff can recover actual damages only if he saw and

relied on a misleading notice, or no notice existed and he relied on the absence of a notice, in deciding whether to proceed with the ATM transaction.

Plaintiff, in urging the court to find that he does not need to show detrimental reliance to recover actual damages, asserts that "a majority of the district courts in the Seventh Circuit have held" that detrimental reliance is not required. In support of that assertion, plaintiff cites three cases decided by the same judge (Magistrate Judge William E. Callahan in the Eastern District of Wisconsin), and one case from the Central District of California. Savrnoch v. First Am. Bankcard, Inc., No. 07 C 0241, 2007 WL 3171302, at *2-5 (E.D. Wis. Oct. 27, 2007); Mayotte v. Associated Bank, N.A., No. 07 C 0033, 2007 WL 2358646, at *4 (E.D. Wis. Aug. 17, 2007); Voeks v. Wal-Mart Stores, Inc., No. 07 C 0030, 2007 WL 2358645, at *4 (E.D. Wis. Aug. 17, 2007); Friedman v. 24 Hour Fitness USA, Inc., No. CV 06 6282, 2009 WL 2711956, at *10 (C.D. Cal. Aug. 25, 2009).[4]

Plaintiff fails to acknowledge, however, that a majority of courts—including another court in the Eastern District of Wisconsin—have come to the opposite conclusion. Voeks v. Pilot Travel Centers, 560 F. Supp. 2d 718, 725 (E.D. Wis. 2008), recently held that an EFTA plaintiff must prove detrimental reliance to recover actual damages. In what the court described as the first reported case interpreting the actual damages provision of the EFTA, Brown v. Bank of America, 457 F. Supp. 2d 82, 90 (D. Mass. 2006), analogized to identical language in the

---

[4] Friedman is not persuasive. That case addresses § 1693e, a separate EFTA provision that governs preauthorized electronic funds transfers. As the court in Friedman acknowledges, "the analogy . . . between a defective ATM notice and the termination clause in [the defendant's] membership contract does not work" and "[t]hese factual dissimilarities prevent reliance on [cases finding that detrimental reliance is required to award actual damages under the EFTA's provisions requiring notice of ATM frees]." 2009 WL 2711956, at *10.

Truth in Lending Act, 15 U.S.C. § 1604, to hold that EFTA plaintiffs must establish detrimental

reliance to recover actual damages.  In Polo v. Goodings Supermarkets, 232 F.R.D. 399, 408

(M.D. Fla. 2004), a decision adopting a magistrate judge's recommendation to deny class

certification, the court found that all potential class members in an EFTA action for actual

damages must prove detrimental reliance.[5]  Further, Martz v. PNC Bank, N.A., No. Civ A 06-

1075, 2006 WL 3840354, at *5 (W.D. Pa. Nov. 30, 2006), which did not take a position on what

an EFTA plaintiff has to prove to recover actual damages, noted that "[t]he few reported cases

that have discussed the actual damages provision of EFTA have found that to recover actual

damages, a plaintiff must establish causation of harm in the form of detrimental reliance."

Even if plaintiff were not required to allege detrimental reliance, plaintiff's complaint did

not allege any factual basis for actual damages, and plaintiff's complaint does not ask for both

statutory and actual damages.  In fact, plaintiff's complaint asks the court to award "actual or

statutory damages" (emphasis added).  It is true that plaintiff's response to defendant's motion to

dismiss asserts that an EFTA plaintiff may recover interest from unlawful ATM fees as actual

damages.  But plaintiff's complaint does not ask for interest on the fees, and plaintiff fails to

point to any authority for his contention that interest may be awarded. Also, plaintiff has not

advanced any theory that his actual damages exceed $1,000.  Plaintiff has therefore failed to

plead actual damages that might have rendered defendant's offer of judgment incomplete.

---

[5] The court suggested the following test to determine whether actual damages are
appropriate: "1.) Whether the consumer actually saw and relied on an improper notice in
deciding to proceed with the ATM transaction; 2.) if so, whether the consumer would have
proceeded with that transaction had the notices all been correct; and 3.) whether the consumer
actually paid the fee without reimbursement."  Id., quoting Andrews v. Am. Tel. and Tel. Co., 95
F.3d 1014, 1025 (11th Cir. 1996).

11

Finally, plaintiff argues that whether he can provide evidence of actual damages is a merits inquiry, which is not the proper subject of a motion to dismiss. But the court can, and must, look into the factual allegations underlying plaintiff's claim, because defendant has brought a factual challenge to subject matter jurisdiction. Apex Digital, 572 F.3d at 443-44. Plaintiff bears the burden of proof to support his allegations of jurisdictional facts, such as whether he has a claim for damages in excess of defendant's offer of judgment. Kontos, 826 F.2d at 576.

### D. Rule 23(e)

Plaintiff also advances the meritless argument that defendant's offer of judgment was premature because the court did not approve it, as Federal Rule of Civil Procedure 23(e) purportedly requires. The 2003 amendments to Rule 23(e) changed its language to specify that court approval was required only with respect to a certified class: "The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The Advisory Committee's Notes explain that this revision was a response to the fact that the old language "could be—and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims." Advisory Committee's Notes on 2003 Amendment on Fed. R. Civ. P. 23(e). Moreover, Rule 23(e) does not apply here, because defendant's offer was a Rule 68 offer of judgment, not a settlement, voluntarily dismissal, or compromise.

### CONCLUSION

For the reasons discussed above, the court finds that plaintiff's claim is moot. Defendant's motion to dismiss is granted.

ENTER:        October 7, 2010

_____
Robert W. Gettleman

12

13

**United States District Judge**